IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERNICE DION BROUSSARD, | § | |
| | § | |
|     Movant, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-707-O |
| | § | (Criminal No. 4:22-cr-145-O(1)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Respondent. | § | |

**OPINION and ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is Defendant Vernice Dion Broussard ("Broussard")'s motion to vacate under 28 U.S.C. § 2255 (ECF No. 1), along with the government's response (ECF No. 7). Broussard did not file a reply. After considering the § 2255 motion, the response, and applicable law, the Court **DENIES** Broussard's § 2255 motion.

**I.     BACKGROUND**

    **A.     Overview**

Broussard was originally charged with carjacking (Count One) and being a felon in possession of ammunition (Count Two). Indictment 1-2, *United States v. Broussard*, No. 4:22-CR-145-O, CR ECF No. 3.[1] With the assistance of counsel, Broussard pleaded guilty only to Count Two and entered into a plea agreement that, along with other terms and conditions, agreed to make a binding recommendation to the Court for a sentence of 84 months. Plea Agreement 1-7, CR ECF No. 19; Presentence Report ("PSR") ¶¶ 93-94, CR ECF No. 26-1. The Court accepted the plea agreement and sentenced Broussard to 84 months in prison. Judgment 1-2, CR

---

[1] "CR ECF No. ___" will hereafter refer to the docket entries on the criminal docket of case number 4:22-cr-145-O (1). "ECF No. ___" will refer to the docket entries in this civil case number assigned to the § 2255 motion.

1

ECF No. 35; Sentencing Tr. 11-12, CR ECF No. 44. Broussard did not file a notice of appeal, so his conviction became final 14 days later, on October 7, 2022. Fed. R. App. P. 4(b)(1)(A); *see United States v. Thomas*, 203 F.3d 350, 354 (5th Cir. 2000) (finding that a criminal judgment is final after time for seeking direct appeal expires). Broussard timely filed the instant § 2255 motion on July 11, 2023. Mot. Vacate 1, ECF No. 1; *see* 28 U.S.C § 2255(f)(1).

**B.     Statement of Facts**

On August 12, 2022, Arlington Police Department officers responded to a call from victim D.B., who reported that he had been robbed at gunpoint by Broussard. PSR ¶ 33, CR ECF No. 26-1. Specifically, D.B. reported that he communicated with Broussard through "Grindr," a dating application, and the pair met outside an EZ Mart. *Id.* D.B. drove Broussard from the meeting spot back to D.B.'s apartment. *Id.* Broussard followed D.B. up the stairs, where Broussard then ordered D.B. to drop his keys. *Id.* D.B. heard Broussard rack the slide of a firearm, and D.B. immediately dropped his keys and cell phone and tried to run away, injuring his leg as he leapt from the second-story breezeway onto the ground. *Id.* As he fled, D.B. saw Broussard holding what appeared to be a firearm. *Id.*

Police later found D.B.'s abandoned vehicle several blocks away, along with various documents on the ground nearby. PSR ¶ 34, CR ECF No. 26-1. D.B.'s wallet had been stolen from the center console. *Id.* D.B. later learned that Broussard tried to make purchases with a stolen credit card, but the activity was declined as suspicious. *Id.* Other items were stolen from the car, including battery cables, tools, and a floor jack. *Id.*

Officers executed a search warrant at Broussard's residence. PSR ¶ 35, CR ECF No. 26-1. Five debit cards belonging to D.B. were found inside the residence. *Id.* Officers also found a crate containing over 600 rounds of assorted rifle and handgun ammunition. PSR ¶ 11, CR ECF

No. 26-1. Broussard's girlfriend was found in possession of a trash bag containing D.B.'s social security card and driver's license. PSR ¶ 35, CR ECF No. 26-1.

### C. Conviction and Sentencing

Broussard pleaded guilty to being a felon in possession of ammunition. Plea Agreement 1-7, CR ECF No. 19. In support of his plea, he signed a factual resume that detailed the offense, including the discovery of the ammunition in his residence and his knowledge of his status as a convicted felon. Factual Resume ("FR"), CR ECF No. 18. Because he was charged with carjacking—a more serious offense that carried a significant potential penalty upon conviction—Broussard's counsel negotiated a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), wherein the parties agreed that the appropriate sentence was 84 months in prison. Plea Agreement 3, CR ECF No. 19. The Court accepted this guilty plea. Order, CR ECF No. 25. The Court then later followed the binding sentencing recommendation and imposed the agreed sentence, Sentencing Tr. 11-12, CR ECF No. 44.

## II.   GROUNDS FOR RELIEF

Broussard alleges that: (1) his guilty plea was "unlawfully induced or not made with understanding of the nature of the charge," and (2) he was denied effective assistance of counsel related to his guilty plea. Mot. Vacate 4, 6, ECF No. 1. These claims are based on the faulty premise the felon-in-possession offense is necessarily dependent on the success of his carjacking offense, which was dismissed by agreement of the parties pursuant to the plea agreement.

## III.  APPLICABLE LAW

### A. Standard of Review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence on four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" 28 U.S.C. § 2255(a) (West 2019); *see United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). It may also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

B.  **Law Applicable to Review of Ineffective-Assistance Claims under § 2255.**

Ineffective-assistance-of-counsel ("IAC") claims can be raised under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish IAC, "[F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To show deficient conduct under *Strickland*, the burden is on the defendant to show that his counsel's representation fell below an objective standard of reasonableness, by identifying

4

acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* There is a strong presumption that the performance of counsel falls within this range. *United States v. Samuels*, 59 F.3d 526, 529 (5th Cir. 1995). Defendant cannot overcome this presumption with after-the-fact accusations that lack supporting evidence. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting that although pro se § 2255 motions are construed liberally, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). If counsel provides objectively unreasonable representation during the plea process, the defendant must prove prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

To prove prejudice generally, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Failure to meet either the deficient-performance or prejudice prongs will defeat a claim of

ineffective-assistance. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

## IV. ANALYSIS

Both of Broussard's claims rest on the premise that his conviction for being a felon in possession of ammunition is somehow dependent on the outcome of the separate carjacking offense. Mot. Vacate 4, 6, ECF No. 1. From that underlying premise, Broussard concludes that his guilty plea was not knowing and voluntary, and that he received ineffective assistance of counsel. *Id.* Review of the record and applicable law demonstrates otherwise.

### A. Felon-In-Possession offense is separate from the Carjacking offense.

The ammunition that Broussard admitted to illegally possessing is related to his carjacking offense only in that his actions in (allegedly) demanding the victim's keys at gunpoint provided the probable cause for the police to obtain a warrant to search his residence, where the ammunition was found. PSR ¶ 13, CR ECF No. 26-1. The ammunition is the subject of Count Two and is wholly separate from the carjacking charge. Indictment 1-2, CR ECF No. 3; *see* 18 U.S.C. § 922(g)(1) (criminalizing possession of ammunition by a person who has been convicted in any court of a crime punishable by a term of imprisonment of more than one year). Indeed, if Broussard had proceeded to trial, the jury would have been instructed to consider each charge separately:

> A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

*Pattern Crim Jury Instr. 5th Cir*. 1.23 (2019). Further, even if—as Broussard alleges occurred here—the carjacking charge was dismissed or the state robbery charge was pled to a lesser offense, those subsequent events do not affect the validity of the search warrant or the officers' good-faith reliance on it to search the premises. *See United States v. Leon*, 468 U.S. 897, 913-14 (1984) (confirming that evidence seized by officers reasonably relying on a warrant is admissible, even if the warrant is subsequently determined to lack probable cause).

  **B.**  **Plea was Knowing and Voluntary**.

Broussard alleges that his guilty plea was "unlawfully induced" and made without "understanding of the nature of the charge." Mot. Vacate 4, ECF No. 1. A guilty plea is valid if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citation omitted). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citation omitted). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

Nothing in the record supports Broussard's claim that his guilty plea was involuntary or unintelligent. His plea agreement expressly stated the maximum punishment he faced—ten years. Plea Agreement 2, CR ECF No. 19. The plea agreement also set out the stipulations between the parties—dismissal of the carjacking count in exchange for the guilty plea to the felon-in-possession count and the parties' binding recommendation to a specific sentence. *Id*. at 3-5. The agreement also contained Broussard's express representation that his guilty plea was free of force, threats, or coercion. *Id.* at 6. The accompanying factual resume listed the elements of the offense

7

and the conduct that supported Broussard's commission of those elements. FR at 2, CR ECF No. 18. It is well settled that written plea documents carry a "presumption of regularity" and are given "great evidentiary weight." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Broussard offers nothing to rebut that presumption.

Moreover, at the rearraignment hearing, Broussard confirmed under oath that he understood the charge to which he was pleading guilty. Rearraignment Tr. 28, CR No. 43. He said that he understood the elements of the offense and that he committed them all. *Id*. at 33-34. He also agreed that his guilty plea was free from pressure, threats, force, or coercion and was purely voluntary. *Id.* at 15-16. After hearing all of his trial rights, he confirmed that he wanted to plead guilty. *Id.* at 48-49. His sworn testimony should be credited because "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citation omitted). Broussard offers no reason for the Court to reject his sworn testimony and instead accept his belated claim that his guilty plea was wrongly induced or unknowing.

Because the record clearly demonstrates that Broussard's guilty plea was knowing and voluntary, his first ground for relief must be denied.

### C. Ineffective-Assistance-of-Counsel Claim

Broussard alleges that he received ineffective assistance of counsel. Mot. Vacate 6, ECF No. 1. As noted above, to establish a claim of ineffective assistance of counsel, Broussard must show that counsel's performance was objectively deficient and that he suffered actual prejudice as

a result. *Strickland*, 466 U.S. at 690. All Broussard offers, however, is a reiteration of his incorrect statements about the nature of his felon-in-possession-of-ammunition offense by arguing that "he was not caught in possession of a firearm" and the firearm offense "is not a stand alone offense" but "must be attached to the underlying offense." Mot Vacate 6, ECF No. 1. Broussard offers no detail about what his counsel did or did not do that constituted deficient performance, nor does he explain how that any allegedly deficient performance prejudiced him, rendering his claim wholly unsupported. "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (citation omitted).

Moreover, this claim is also refuted by the record. The record demonstrates that, rather than proceed to trial on two offenses, one of which carried a 15-year maximum and the other of which carried a 10-year maximum, Broussard's counsel negotiated a plea agreement that limited Broussard's sentencing exposure to a guaranteed 84 months. Plea Agreement 3-4, CR ECF No. 19. Broussard has an extensive criminal history, and the PSR noted this history might be a ground for an upward departure or variance. PSR ¶¶ 104-06, CR ECF No. 26-1. Thus, the agreed upon 84-month sentence provided Broussard sentencing protection that a majority of federal defendants could not receive. On this record, Broussard has not shown that counsel provided ineffective assistance. Therefore, the second ground for relief must be denied.

In sum, Broussard's motion for relief under § 2255 must be denied.

## V.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22 (b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Vernice Dion Broussard has not made a showing that reasonable jurists would question this Court's rulings and, accordingly, **DENIES** a certificate of appealability for the reasons stated in this order.

## VI.    CONCLUSION and ORDER

It is therefore **ORDERED** that Vernice Dion Broussard's motion to vacate under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED.** It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this **12th day** of **March, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE